UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO MADRID,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H. ANGLEA, ET. AL.,<br><br>　　　　Defendants. | Case No.  1:19-CV-00894-HBK<br><br>ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO STAY OR COMPLETE SCREENING<br><br>(Doc. No.  22) |

　　　　This case was reassigned to the undersigned on November 17, 2020.  (Doc. No. 20). Pending before the Court is Plaintiff's motion to stay, filed May 17, 2021.  (Doc. No. 22, "Motion").  Plaintiff Alejandro Madrid initiated this action as a prisoner by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on July 1, 2019.  (Doc. No. 1).  Plaintiff is proceeding on his second amended complaint filed June 16, 2020.  (Doc. No. 17).  The second amended complaint with exhibits is 287 pages in length.  (*Id.*).

　　　　In the instant Motion, Plaintiff requests that the Court either stay the case, or complete screening on the operative complaint.  (Doc. No. 22 at 1).  Plaintiff states that he cannot write, or his handwriting is not legible because Defendants have not provided medical treatment for him. (*Id.*).  Plaintiff explains he filed the instant Motion so that the Court will not dismiss the case for lack of prosecution. (*Id.*).

　　　　District courts possess inherent authority not governed "by rule or statute, but by control

necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (citations omitted). For example, district courts have the inherent power to stay proceedings pending resolution of parallel actions in other courts. *Id.* Here, the Court does not find a stay of the action is required. A review of the docket confirms that a screening order is due on Plaintiff's Second Amended Complaint. (Doc. No. 17). The Court previously entered an order granting Plaintiff's motion for a screening order, noting a screening order is forthcoming. (Doc. No. 23). Plaintiff is not currently under any court-ordered deadlines. (*See* docket). If the court imposes any deadlines on Plaintiff in the future, his medical condition will be considered in computing deadlines, if appropriate.

Accordingly, it is ORDERED:

Plaintiff's motion to stay proceedings or issue screening order is granted in part and denied in part. (Doc. No. 22). The motion to stay is denied. The motion for screening order is granted to the extent a screening order will be forthcoming.

Dated:   July 26, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE