1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALEJANDRO MADRID,                           Case No.  1:19-cv-00894-HBK (PC)

12                  Plaintiff,                    ORDER DIRECTING CLERK OF COURT TO
                                                 ASSIGN A DISTRICT JUDGE
13          v.
                                                 FINDINGS AND RECOMMENDATIONS TO
14   H. ANGLEA, ET. AL.,                          DISMISS CASE WITHOUT PREJUDICE FOR
                                                 FAILURE TO PROSECUTE AND COMPLY
15                  Defendants.                   WITH COURT ORDERS[1]

16                                               FOURTEEN-DAY OBJECTION PERIOD

17                                               (Doc. No.  26)

18

19          This matter comes before the Court upon periodic review.  As more fully set forth below,

20   the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to

21   prosecute this action and timely comply with the Court's order directing that he file a Third

22   Amended Complaint ("TAC").  (Doc. No. 26).

23                                    I.  FACTS AND BACKGROUND

24          Alejandro Madrid, a state prisoner, initiated this action proceeding pro se by filing a civil

25   rights complaint under 42 U.S.C. § 1983 on July 1, 2019.  (Doc. No. 1).  Plaintiff accompanied

26   _____

27   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

28

1   his complaint with a motion to proceed in forma pauperis.  (Doc. No. 2).  On November 27, 2019,

2   the Court issued its first screening order.  (Doc. No. 9).  Plaintiff filed a first amended complaint

3   on January 29, 2020.  (Doc. No. 14).  On April 14, 2020, the Court issued its second screening

4   order noting that the SAC stated a plausible Eighth Amendment medical claim against

5   Defendants Smith and St. Clair, but no other claims. (Doc. No. 16 at 6).  The Court warned

6   Plaintiff about Federal Rule of Civil Procedure 8 requiring a short and plain statement of fact to

7   support the claims, advised Plaintiff about § 1983 generally, and explained the differences

8   between official verses individual capacity liability and supervisory liability.  (*Id.* at 2-6).

9   Plaintiff filed his second amended complaint ("SAC") on June 16, 2020.  (Doc. No. 17).  The

10  SAC consists of 283 pages including attachments.

11       On August 24, 2022, the Court issued a third screening order finding the SAC deficient

12  and violative of Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10.  (Doc. No. 26 at 3-6).  The Court

13  directed Plaintiff to file a third amended complaint by delivering it to correctional officials for

14  mailing no later than September 26, 2022.  (*Id.* at 6, ¶1).  The Court again explained that the SAC

15  violated Rule 8 for many reasons, including an excessive attachment of exhibits.  The Court

16  warned Plaintiff that his failure to timely file a TAC or move for an enlargement of time to do so

17  would result in the recommendation that this case be dismissed for failure to comply with the

18  Court Order and prosecute this action. (*Id.* at 6).  On October 7, 2022, Plaintiff filed a motion for

19  extension of time.  (Doc. No. 27).  Despite it being illegible and untimely, the Court liberally

20  construed the motion as seeking an extension of time to file a third amended complaint and

21  afforded Plaintiff a further thirty-day extension of time to comply with the Court's Order dated

22  August 24, 2022.  (Doc. No. 28).  The Court ordered Plaintiff to deliver his third amended

23  complaint to correctional officials for mailing no later than November 18, 2022.  (*Id.* at 2, ¶2).

24  The Court again warned Plaintiff that if he failed to timely comply with the order dated October

25  18, 2022, the Court would recommend that this case be dismissed for his failure to prosecute this

26  action.  (*Id.*, ¶3).  Plaintiff has not timely complied with either the Court's Orders dated August

27  24, 2022 and October 18, 2022.

28       ////

1

## II.  APPLICABLE LAW

2        Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action

3 when a litigant fails to prosecute an action or fails to comply with a court order.  *See* Fed. R. Civ.

4 P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations

5 omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005)

6 ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss

7 under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly

8 permits the court to impose sanctions on a party who fails to comply with any order of the court.

9        Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its

10 docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291

11 F.3d 639, 642 (9th Cir. 2002).  Before dismissing an action under Fed. R. Civ. P. 41, the court

12 *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to

13 manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on

14 the merits; and (5) the availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d

15 at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal)

16 (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing

17 five factors and independently reviewing the record because district court did not make finding as

18 to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing

19 the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis

20 added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of pro se §

21 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and

22 reiterating that an explicit finding of each factor is not required by the district court).

23

## III.  ANALYSIS

24        The undersigned considers each of the above-stated factors and concludes dismissing this

25 case is warranted.  The expeditious resolution of litigation is deemed to be in the public interest,

26 satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999).

27 Turning to the second factor, the Court's need to efficiently manage its docket cannot be

28 overstated.  This Court has "one of the heaviest caseloads in the nation," due to delays in filling

3

1    judicial vacancies, which was further exacerbated by the Covid-19 pandemic and operates under a

2    declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial

3    Emergency in the Eastern District of California.  The Court's time is better spent on its other

4    matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial

5    courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and

6    requirements of our courts."  *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of

7    district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to

8    timely respond to court order and noting "the weight of the docket-managing factor depends upon

9    the size and load of the docket, and those in the best position to know what that is are our

10   beleaguered trial judges.").  Delays have the inevitable and inherent risk that evidence will

11   become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant,

12   thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Finally, the

13   fourth factor usually weighs against dismissal because public policy favors disposition on the

14   merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends

15   little support to a party whose responsibility it is to move a case toward disposition on the merits

16   but whose conduct impedes progress in that direction," which is the case here.  *In re*

17   *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)

18   (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring

19   litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639,

20   644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal

21   with prejudice of habeas petition where petitioner failed to timely respond to court order and

22   noting "the weight of the docket-managing factor depends upon the size and load of the docket,

23   and those in the best position to know what that is are our beleaguered trial judges.").

24           Finally, the Court's warning to a party that failure to obey the court's order will result in

25   dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

26   *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's August 24, 2022, Order

27   expressly warned Plaintiff that his failure to comply with the Court's order would result in a

28   recommendation for dismissal of this action.  (Doc. 26 at 3, ¶2).  Additionally, the Court's

1   October 18, 2022, Order repeated that warning.  (Doc. 28 at 2, ¶2).  Thus, Plaintiff had adequate

2   warning that dismissal could result from his noncompliance.  And the instant dismissal is a

3   dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby

4   addressing the fifth factor.

5        Considering these factors and those set forth *supra*, as well as binding case law, the

6   undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local

7   Rule 110.

8        Accordingly, it is **ORDERED**:

9   The Clerk of Court assign this case to a district judge.

10   It is further **RECOMMENDED**:

11        This case be dismissed without prejudice for Plaintiff's failure to prosecute this action and

12   the Clerk be directed to terminate any motions and close this case.

13   <center>NOTICE TO PARTIES</center>

14        These findings and recommendations will be submitted to the United States district judge

15   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

16   days after being served with these findings and recommendations, a party may file written

17   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

18   Findings and Recommendations."  Parties are advised that failure to file objections within the

19   specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

20   838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

21

22   Dated:   December 6, 2022

23   HELENA M. BARCH-KUCHTA

24   UNITED STATES MAGISTRATE JUDGE

25

26

27

28

<center>5</center>