**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO MADRID, | Case No. 1:19-cv-00894-JLT-HBK (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND, REINSTATING FIRST AMENDED COMPLAINT, AND ALLOWING CLAIMS SET FORTH IN THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS SMITH AND ST. CLAIRE TO PROCEED |
| v. | |
| H. ANGLEA, JACK SINCLAIR, MARSHA MCKAY, THOMAS BZOSKIE, GRACE SONG, ERIC MARVEL, JUSTINE TUDOR, JOHN M. DOWBAK, STEVEN SMITH, | |
| Defendants. | (Doc. 29) |

Plaintiff initiated this medical deliberate indifference action on July 1, 2019. (Doc. 1.) The first screening order found that the original complaint stated no viable claims but allowed Plaintiff an opportunity to amend. (Doc. 9.) Plaintiff filed a first amended complaint ("FAC"). (Doc. 14.) The second screening order found that the FAC stated a plausible Eighth Amendment claim against Defendants Smith and St. Claire[1] but no other claims. (Doc. 16 at 2.) Plaintiff was given the option to proceed on the claims found viable or amend his complaint. (*Id*. at 2, 6.) The Court warned Plaintiff that Federal Rule of Civil Procedure 8 requires a short and plain statement of facts to support his claims, advised Plaintiff of § 1983 generally, and provided other legal standards. (*See generally id*.)

---

[1] This Defendant has also been referenced as Sinclair and St. Clair. (*See* Docs. 16 at 2, 30 at 2.)

1    Plaintiff then filed a second amended complaint ("SAC") consisting of 283 pages
2 including attachments. (Doc. 17.) Plaintiff indicated in the SAC that he wanted to proceed against
3 Defendants Smith and St. Claire, but he did not agree to dismiss all other defendants. (*Id*. at 3; *see*
4 *also* Doc. 26 at 2 n.1.) Instead, he attempted to make out additional claims against additional
5 defendants. (Doc. 17 at 3.) In a third screening order, the Court concluded that Plaintiff's SAC
6 wholly failed to comply with Rule 8, but again gave Plaintiff leave to file a third amended
7 complaint ("TAC") by a particular deadline. (Doc. 26 at 5–6.) Plaintiff timely moved for
8 additional time to file his TAC, (Doc. 27); the Court granted that motion, providing him until
9 November 18, 2022, to amend his complaint. (Doc. 28.) The Court warned Plaintiff that failure to
10 timely comply with the Court's orders would result in the recommendation that the action be
11 dismissed for failure to prosecute. (*Id.*)

12   Plaintiff did not file a TAC by the extended deadline or thereafter. Accordingly, on
13 December 6, 2022, the magistrate judge issued findings and recommendations recommending that
14 the action be dismissed due to Plaintiff's failure to prosecute and failure to comply with the
15 Court's orders. (Doc. 29.) Plaintiff filed objections on December 27, 2022. (Doc. 30.)

16   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
17 de novo review of this case. Having carefully reviewed the entire file, including the objections,
18 the Court finds the findings and recommendations to be supported by the record and by proper
19 analysis in part.

20   Plaintiff first objects that he has "zealously" litigated his case and explains that he cannot
21 write legibly due to his medical condition necessitating shoulder surgery. (*Id.* at 2.) However,
22 Plaintiff has provided documentation that undermines the suggestion that his medical condition
23 has impeded his compliance with the Court's orders. Among other things, Plaintiff's attachment
24 dated November 22, 2022, notes that "ADA workers" are available to assist him, computers are
25 available for typing in the law library, and that there are typewriters available for purchase. (*Id.* at
26 5.) Plaintiff does not indicate why he has not availed himself of any of these options, nor has he
27 submitted a TAC or proposed when or how he might do so. (*Id*. at 1–3.) The Court agrees with
28 the magistrate judge that Plaintiff has not justified his failure to file a TAC and that Plaintiff has

failed to abide by Court orders. The undersigned further agrees that the SAC fails to comply with Rule 8. Therefore, dismissal of the SAC without leave to amend is appropriate.

Nonetheless, Plaintiff correctly points out that the Court previously found that he stated viable Eighth Amendment claims against Defendants Smith and St. Claire. (*Id.* at 2.) Plaintiff objects to dismissal of these claims. (*Id.*) Construing Plaintiff's filings liberally, as the Court must, and in an abundance of caution, the Court interprets Plaintiff's objections as request to proceed with the viable claims against Smith and St. Claire. The Court will not give Plaintiff the option to amend his complaint further to state additional claims, but the Court will permit the claims against Smith and St. Claire to move forward. Because the most recent viable iteration of those claims was set forth in the FAC, the Court will reinstate the FAC (Doc. 14) as the operative complaint. To be clear, <u>only</u> those claims found viable in the second screening order (Doc. 16) will be permitted to proceed.² All other claims against all other defendants are dismissed. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on December 6, 2022 (Doc. 29) are **ADOPTED IN PART**.
2. The second amended complaint (Doc. 17) is **DISMISSED WITHOUT LEAVE TO AMEND**.
3. The first amended complaint (Doc. 14) is reinstated as the operative complaint.
4. The claims in the first amended complaint against Defendants Smith and St. Claire previously found viable shall proceed. All other claims and all other defendants are **DISMISSED WITHOUT LEAVE TO AMEND.**

///

///

///

///

---

² Specifically, the screening order stated: "[P]laintiff's allegations of a debilitating shoulder ailment and pain may amount to a serious medical need. In addition, plaintiff has sufficiently alleged that defendants Smith and Sinclair were deliberately indifferent to that need. Plaintiff alleges that these defendants knew that Madrid needed both a labrum repair and a rotator cuff repair, but 'botched' the initial request form for the surgery—leading to plaintiff receiving only a labrum repair, then ongoing delays over a possible rotator cuff repair." (*Id.* at 5.)

1       5.      The matter is remanded to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **January 23, 2023**                                   _____
                                                                UNITED STATES DISTRICT JUDGE