**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO MADRID,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H. ANGELA, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-0894 JLT HBK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 45) |

　　On November 28, 2023, Defendants filed a "Notice of Suggestion of Death" of Alejandro Madrid, reporting they were informed Plaintiff was deceased. (Doc. 43 at 2.) At that time, Defendants also identified Plaintiff's successor-in-interest, his wife Renee Madrid. (*Id.* at 2-4.) Defendants served Ms. Madrid with the "Notice of Suggestion of Death of Plaintiff" and "Identification of Successor-in-Interest" on December 13, 2023, and filed proof of service. (Doc. 44 at 1.) Defendants now move to dismiss the action pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. (Doc. 45.)

　　Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, an action may continue with a decedent's successor or representative. However, a decedent's successor or representative file a motion for substitution to proceed. Importantly, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Thus, there are two requirements under Rule 25(a) for the 90-day period to be triggered: a formal notice of suggestion of death must be (1) filed on the record and (2) served upon

1

other parties and the nonparty successor or representative. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

As noted above, Defendants filed a "Notice of Suggestion of Death of Plaintiff" with the Court on November 28, 2023. (Doc. 43.) The 90-day period began to run when Plaintiff's successor-in-interest received service on December 13, 2023. *See Barlow*, 39 F.3d at 233; *see also Silas v. Sheriff of Broward Cnty.*, 55 F.4th 872, 876 (11th Cir. 2022) ("nonparties must be notified to begin the 90-day period provided by Rule 25(a)(1)"); *Summerfield v. Fackrell,* 2012 WL 113281, at *2 (E.D. Cal. Jan. 11, 2012) (before the 90-day period begins to run, the suggestion of death must be filed on the record and served to the other parties); *see also Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Thus, any motion to substitute was due no later than March 12, 2024. Because a motion was not filed, Plaintiff's claims must be dismissed. *See* Fed. R. Civ. P. 25(a)(1). Based upon the foregoing, the Court **ORDERS**:

    1. Defendants' motion to dismiss (Doc. 45) is **GRANTED**.

    2. The action is **DISMISSED** pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

    3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 25, 2024**

                                                                   UNITED STATES DISTRICT JUDGE